UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeLONDA K. COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF HEALTHCARE SERVICES,<br><br>Defendant. | No. 2:18-cv-02497 MCE AC<br><br><br><br>ORDER |

This matter is before the undersigned magistrate judge for discovery purposes; all parties are represented by counsel. On November 19, 2019, plaintiff filed a motion for leave to serve interrogatories, accompanied by written points and authorities. ECF No. 20. The motion was set for hearing on December 18, 2019. Id. On December 3, 2019, the court entered a minute order directing plaintiff to Local Rule 251(c) and ordering her to comply by filing a proper joint statement in support of the discovery dispute. ECF No. 23. On December 11, 2019, plaintiff filed the "joint statement" but marked it as a separate motion.[1] ECF No. 24. In the joint statement, plaintiff detailed meet and confer efforts. Id. On December 12, 2019, defendant filed

---

[1] For future reference of the parties, when a motion is already noticed and briefing is subsequently filed, there is no need to flag the briefing as a motion. Doing so creates confusion on the docket.

1

objections, contending that though plaintiff's counsel and defense counsel Marc Koenigsberg engaged in meet and confer, plaintiff waited until after Mr. Koenigsberg's noticed absence for a vacation beginning on December 2, 2019, to submit a revised joint statement to defendant for edits, which included altered proposed interrogatories. ECF No. 25. Defendant attached an e-mail chain between the parties, in which defendant indicated it could not properly and timely respond to the altered proposed interrogatories and that meet and confer efforts therefore were not complete. Id. From that chain, it is clear that the "joint statement" presently before the court does not represent a full meet and confer effort and contains outdated information.

The purpose of the joint statement requirement of Local Rule 251 is to ensure that the parties properly meet and confer, and also to enable the court to make an informed decision regarding the merits of each discovery item in question. The burden of ensuring that proper meet and confer discussions take place is on the moving party. E.D. Cal. R. 251(b). The rule is clear: "Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." Id. (emphasis added). "A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion." Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); see also, Scheinuck v. Sepulveda, No. C 09-0727 WHA, 2010 WL 5174340, at *1–2, 2010 U.S. Dist. LEXIS 136529 N.D. Cal. Dec. 15, 2010.

Here, the joint statement does not reflect a proper meet and confer effort. The court recognizes that the exigencies of the case schedule have apparently impaired some meet and confer efforts. Thus, the court ORDERS as follows:

1. The motion at ECF No. 24 is TERMINATED and the joint statement is STRICKEN for the parties' failure to properly meet and confer;
2. The hearing on the motion for leave to serve interrogatories (ECF No. 20) currently noticed for December 18, 2019 is VACATED and RE-SET for January 22, 2020 at 10 AM in Courtroom 26 (AC);
3. The court sua sponte RE-SETS the close of discovery to March 12, 2020 with all other court deadlines remaining unchanged;

4. The alternative dispute resolution currently set in front of Magistrate Judge Deborah Barnes for February 19, 2020 at 10:00 AM in Courtroom 27 (DB) is hereby RE-SET to March 25, 2020 at 10:00 AM.  Parties are directed to submit confidential settlement conference statements on or before March 18, 2020, to the following email address: dborders@caed.uscourts.gov.  Additionally, each party shall file a "Notice of Submission of Confidential Settlement Conference Statement."  (Rule 270 (d)).  All parties are required to have principals present at the settlement conference.  Furthermore, an Informal Telephonic Conference is set for March 23, 2020 at 02:30 PM, in the Chambers of Magistrate Judge Deborah Barnes.  To access the conference call, parties are instructed to call the following toll-free number from a land line: (877) 336-1828 and enter access code: 1864917.

IT IS FURTHER ORDERED the lead attorney appearing at the settlement conference shall make the telephonic appearance at the informal conference.

DATED: December 16, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE